UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**BRENDAN A. HURSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0782**<br>**MDD_BAHChambers@mdd.uscourts.gov** |

April 6, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:  *Chad H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 22-1241-BAH

Dear Counsel:

On May 24, 2022, Plaintiff Chad H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny his claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 11), the parties' cross-motions for summary judgment[1] (ECFs 14 and 16), and Plaintiff's response (ECF 17). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.  **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title XVI application for Supplemental Security Income ("SSI") benefits on March 27, 2017, alleging a disability onset of March 27, 2017. Tr. 165–75. Plaintiff's claim was denied initially and on reconsideration. Tr. 113, 127. On October 17, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–85. Following the hearing, on September 3, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 10–34. The Appeals Council denied Plaintiff's request for review, Tr. 1–7, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, the parties have styled their filings as motions for summary judgment and Plaintiff's motion was filed before the Standing Order took effect. *See* ECFs 14, 16. As such, I will refer to the parties' motions as motions for summary judgment.

[2] 42 U.S.C. §§ 301 et seq.

*Chad H. v. Kijakazi*
Civil No. 22-1241-BAH
April 6, 2023
Page 2

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 27, 2017. Tr. 16. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbosacral and cervical spines, osteomyelitis of the cervical spine, lumbar radiculopathy, obesity, history of right shoulder injury with surgical repair, ADHD, PTSD, bipolar II, anxiety disorder, major depressive disorder, substance abuse, and mixed personality disorder." *Id*. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension, GERD, and liver disease/hepatitis C[.]" *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. He can never climb ladders, ropes, or scaffolds. [He] can frequently engage in gross manipulation and fine manipulation (handling and fingering) with his bilateral upper extremities. He can frequently reach above his shoulder with his right upper extremity. The claimant can have no exposure to unprotected heights or moving mechanical parts. [He] is able to concentrate in the workplace for two hours before requiring a break. He is limited to performing simple, routine tasks that involve no more than occasional interaction with supervisors, co-workers, or the general public. The claimant can frequently respond appropriately to changes in a routine work setting. He requires a low-stress work environment, defined as requiring only occasional independent decision making or use of work related judgment, and no responsibility for the safety of others.

Tr. 19. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy. Tr. 24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

### III.     LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.     ANALYSIS

Plaintiff argues that the ALJ "fail[ed] to comply" with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF 14-1, at 9. Specifically, Plaintiff avers that, after having determined at step three that Plaintiff had a moderate limitation in maintaining concentration, persistence, or pace, the ALJ erred by failing to include a corresponding limitation in his RFC assessment or explain why no such limitation was necessary. *Id.* at 11–18. Defendant counters that the ALJ adequately explained, through analysis of the record evidence, why Plaintiff's moderate mental limitations did not result in greater functional limitations in the RFC. ECF 16-1, at 7–11.

In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[3] *Mascio* unambiguously states that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Talmo v.*

---

[3] The functional area of "concentration, persistence, or pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* As this Court has acknowledged, "[t]he regulations, however, offer little guidance on the meaning of 'moderate' limitations." *McDonald*, 2017 WL 3037554, at *3.

*Chad H. v. Kijakazi*
Civil No. 22-1241-BAH
April 6, 2023
Page 4

*Comm'r, Soc. Sec. Admin.*, No. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015) (citing *Mascio*, 780 F.3d at 638), *report and recommendation adopted*, No. ELH-14-2214 (D. Md. June 5, 2015).

  The ALJ's analysis here is similarly flawed. Here, as in *Mascio*, the ALJ determined that Plaintiff has a "moderate limitation" in "concentrating, persisting or maintaining pace." Tr. 18. The ALJ apparently tried to account for this limitation by stating in the RFC that Plaintiff "is able to concentrate in the workplace for two hours before requiring a break" and "is limited to performing simple, routine tasks." Tr. 19. The second of these two accommodations—confining Plaintiff to "simple, routine tasks"—was flatly rejected in *Mascio*. The other accommodation—limiting Plaintiff to two hours of concentration before requiring a break—has been similarly rejected by this Court as insufficient to account for a claimant's moderate limitations in concentration, persistence, and pace because breaks at two-hour intervals are customary even for those without limitations. *See Richardson v. Berryhill*, No. TJS-17-1523, 2018 WL 11474067, at *3 (D. Md. June 25, 2018) ("The ALJ's finding that [claimant] can perform work in two-hour increments with normal breaks does not adequately account for her ability to concentrate and stay on task."); *Ludlow v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3044, 2016 WL 4466790, at *2 (D. Md. Aug. 23, 2016) (noting that the ALJ's "restriction to working in 2-hour intervals does not adequately account for a moderate limitation in the ability to stay on task, absent further explanation"); *see id.* (citing Social Security Ruling 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) for the proposition that "a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals, and that the occupational base is not eroded where limitations may be accommodated by these regularly scheduled breaks"). Thus, remand is necessary because the ALJ failed to either (1) explain the justification for these accommodations or (2) "adequately explain[] why [Plaintiff's] moderate difficulties in concentration, persistence, or pace did not translate into" other RFC limitations. *Talmo*, 2015 WL 2395108, at *2.

  *Shinaberry v. Saul* also advises remand. 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Id.* "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation' in the claimant's RFC." *Id.* (citing *Mascio*, 780 F.3d at 638). Here, the ALJ limited Plaintiff's RFC to "simple, routine tasks" and concentration for two-hour increments, Tr. 19, but provided no explanation as to why these limitations account for Plaintiff's moderate limitations in maintaining concentration, persistence, or pace. Although the hypotheticals posed to the vocational expert incorporated limitations to performing routine tasks and concentrating for two hours before requiring a break, Tr. 77, the ALJ failed to explain how the record supports a finding that Plaintiff can engage in such tasks or prolonged concentration despite his moderate limitation, and also failed to "implicitly account" for Plaintiff's limitation. *Shinaberry*, 952. F.3d at 121 (citing *Winschel*, 631 F.3d at 1180). Remand is required.

  Defendant argues that the RFC's concentration, persistence, and pace limitations were supported by the medical evidence, Plaintiff's conservative treatment record, and Plaintiff's daily

*Chad H. v. Kijakazi*
Civil No. 22-1241-BAH
April 6, 2023
Page 5

activities. ECF 16-1, at 6–11. I disagree. While the record evidence may support the ALJ's finding that Plaintiff suffers from moderate difficulties in concentration, persistence, and pace, the issue in this case is "not whether the record contains evidence that might support the ALJ's conclusions [but] whether the ALJ explained the apparent discrepancy between [his] step three finding and [his] RFC assessment." *Talmo*, 2015 WL 2395108, at *3. Here, as in *Talmo*, the ALJ's decision lacks the necessary explanation of how (if at all) Plaintiff's moderate difficulties in concentrating, persisting, and maintaining pace warrant corresponding limitations in the RFC.

Defendant also contends that the RFC accommodates Plaintiff's limitations in concentration, persistence, and pace by restricting him to: (1) interacting only occasionally with supervisors, co-workers, or the general public; (2) responding frequently to changes in a routine work setting; and (3) working in a "low stress environment." ECF 16-1, at 7–8 (citing Tr. 19, 24). But neither Defendant nor the ALJ provides clarity on how these limitations are relevant to Plaintiff's ability to concentrate, persist, or maintain pace. Indeed, these limitations appear to relate to areas of mental functioning *other* than concentration, persistence, or maintaining pace—namely, "understanding, remembering, or applying information" and "adapting or managing oneself." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E). As such, this argument is unavailing.

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3. Here, the ALJ did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 14, is DENIED and Defendant's motion for summary judgment, ECF 16, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge